IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HARLEMAN MANUFACTURING, LLC, | ) |
| Plaintiff -Counterdefendant, | ) |
| vs. | ) Case No.: 14-cv-03498-MDH |
| PENGO CORP., | ) |
| Defendant – Counterplaintiff | ) |
| and | ) |
| DANA SCUDDER, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. No. 12). The parties have fully briefed this issue and the motion is now ripe for review.

### GENERAL BACKGROUND

Plaintiff Harleman Manufacturing, LLC., a Missouri limited liability company, filed its Petition against Pengo Corporation, a Delaware corporation in the Circuit Court of Cedar County, Missouri on November 13, 2012. Plaintiff's original Petition alleged Breach of Contract (Count I); Specific Performance of the Contract (Count II); Negligent Misrepresentation (Count III); Fraudulent Misrepresentation (Count IV); Interference with a Lawful Business (Count V); Conversion (Count VI); and an Accounting (Count VII) against Pengo.

Plaintiff alleges Harleman entered into an agreement with Pengo in which Harleman would buy boring heads from Pengo and Pengo would buy augers from Harleman. The terms of

1

the agreement were negotiated between Dana Scudder, the Vice President, Sales and Marketing, at Pengo and Ron Harleman, the owner of Harleman. As part of the agreement, the parties entered into a Confidentiality Agreement that would keep confidential any confidential information the parties received from each other during the course of their business agreement. The Confidentiality Agreement states, in part, that "if either party breached the Confidentiality Agreement, the non-breaching party would suffer irreparable harm, and that monetary damages would not adequately compensate the non-breaching party." It further allowed for monetary damages, including attorney fees, for any breach of the agreement.

On May 4, 2010, the parties also entered into a commitment form. Pengo agreed to produce Harleman's augers and then manufacture casted rock heads for Harleman. Pursuant to the commitment form, Harleman paid Pengo $43,584.38. After the agreements were signed, disputes arose over several issues, including the timing of the production, the specifications, 3D files and other files, and the samples that were produced. During this time Harleman informed Pengo it was suffering on-going damage due to Pengo's failure to meet contractual deadlines.

Harleman then filed its lawsuit. Harleman's initial Petition specifically alleged damages for breach of contract in the amount of $43,584.38. In addition, Harleman alleged damages for breach of the Confidentiality Agreement, arguing it no longer exclusively possessed its own valuable, confidential information. It also sought specific performance of the contract ordering Pengo to perform its obligations under the Commitment Form and Confidentiality Agreement and damages for negligent and fraudulent misrepresentation. Plaintiff's fraudulent misrepresentation claim also sought punitive damages. Finally, Plaintiff sought damages for interference with a lawful business and conversion. Plaintiff's original Petition requested pre and post judgment interest, costs and expenses.

On August 28, 2014, plaintiff filed a motion for leave to amend its petition to add a party, Dana Scudder. The Circuit Court of Cedar County granted the motion and Plaintiff filed its second amended petition on November 13, 2104 adding Dana Scudder as a defendant. On November 24, 2014, Scudder removed the case to federal court.

**DISCUSSION**

**Overview**

The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C.A. § 1446. The thirty-day period also applies when the defendant is a later-served defendant and did not receive service until the time limit during which the first-served defendant could have removed the case has expired. *See Marano Enters. v. Z–Teca Rests., L.P.,* 254 F.3d 753, 756–57 (8th Cir.2001); and *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 872-73 (8th Cir. 2002). The one year limitation set forth in § 1446(c)(1) only applies to bar removal when the case was not originally removable. *Brown v. Tokio Marine,* 824 F.3d at 873.

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). After removal, a plaintiff may move to remand the case to state court, and the case should be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro Products Liab. Litig.,* 591 F.3d 613, 20 (8th Cir. 2010); citing *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir.2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

3

Where a defendant seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332(a), the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum. *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839, 842 (S.D. Iowa 2005), citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir.2000). Under this standard, "the jurisdictional fact…is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014).

In computing the amount in controversy, a removing party may include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). However, punitive damages are "given closer scrutiny" and "the trial judge [is] accorded greater discretion" in determining the appropriate amount. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

### Plaintiff's Original Petition Was Removable.

Plaintiff argues that the original petition was not removable on the basis of diversity jurisdiction because the amount in controversy did not exceed $75,000 and therefore the time for removal had expired when Scudder removed the case. 28 U.S.C. § 1446(c)(1). This Court disagrees.

First, the parties agree there is complete diversity of citizenship, both at the time the original petition was filed and after Scudder was added as a defendant.[1] Therefore, the issue is whether the original petition claimed an amount in controversy in excess of $75,000 to meet the jurisdictional threshold. If so, the original Petition was removable and the one year limitation does not apply to Scudder's removal.

Plaintiff's Petition alleges damages in a specific monetary amount of $43,584.38. As such, Plaintiff claims this amount is less than the $75,000 and therefore removal is improper. However, while the petition may not allege any additional specific dollar amounts, this Court must look at the allegations contained in the Petition, including the damages alleged, and the facts set forth by Pengo in support of removal to determine whether Pengo can establish by a preponderance of the evidence that the damages are greater than the requisite amount.

A review of the Petition shows Plaintiff alleges additional damages for negligent misrepresentation, fraudulent misrepresentation, punitive damages and attorney's fees. Plaintiff alleges Pengo wanted to purchase 2,500-3,500 augers per year from Harleman but that Harleman could not produce those numbers. As a result, the agreements at issue were entered into by the parties. Plaintiff argues its original claims do not request damages for Pengo's failure to purchase the auger heads, and therefore, the damage amount is under $75,000.[2] However,

---

[1] Plaintiff's Motion to Remand argues, once Pengo brought a counterclaim against Harleman, Harleman was then a defendant, and therefore the case is not removable. However, as set forth in Scudder's Opposition to Remand, this argument has no merit. Further, Plaintiff appears to have dropped this argument in its reply. The Eighth Circuit has held that for purposes of applying the federal removal statute, the parties' alignment is determined as of the time the original complaint is filed, not at the time of removal. *Steeby v. Discover Bank,* 980 F. Supp. 2d 1131, 1135 (W.D. Mo. 2013); citing, *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir.1966).

[2] The Second Amended Petition filed in 2014 claims damages for failure to purchase the augers. Further, discovery, which the Court notes occurred after the relevant time period for evaluating the amount in controversy and was not available at the time the original petition was filed,

5

Plaintiff is not allowed to use semantics to avoid the amount in controversy limit. Plaintiff's original Petition clearly sought damages based on a Confidentiality Agreement and Commitment Form that covered a substantial production of augers, castings, 3D files and other information. Plaintiff claims this was limited only to the amount it paid Pengo pursuant to the Commitment Form. However, the Petition alleges several other claims.

Additionally, Plaintiff seeks damages for negligent and fraudulent misrepresentation and interference with business. Plaintiff claims these damages are all "repetitive" of the $43,584.38 amount, or are damages that Scudder cannot prove exceed the jurisdictional amount. However, reviewing all the allegations contained in the Petition, together with the request for attorneys' fees and punitive damages, the Court finds that Plaintiff is seeking substantially more than the $43,584.38 it already paid Pengo.

With regard to Plaintiff's claims for conversion and specific performance Plaintiff argues the tooling files and 3D files' value should again be measured by the $43,584.38 amount that was already paid to Pengo. Plaintiff argues that the $43,584.38 amount should be the only number used for the amount in controversy. It argues this amount should not be "duplicated" for each claim because Harleman has plead its counts in the alternative. However, while the Court agrees Plaintiff has specified the amount it believes has already been paid to Pengo, it does not agree that from the face of the Petition the total amount sought by Plaintiff was only $43,584.38.

Finally, as already stated, Plaintiff is also seeking punitive damages and attorney's fees. Here, the Court finds that Plaintiff's claims may result in punitive damages and/or attorney's fees. Therefore, based on the allegations contained in the Petition, along with the nature of all

---

establishes Harleman is seeking $2.5 million in damages due to Pengo's failure to purchase the auger heads and also over $6 million in lost profit damages.

the claims and the disputes at issue, it is apparent that Plaintiff was seeking more than $75,000 in damages in his original Petition. Therefore, the original Petition was removable.

Accordingly, the Court finds that Defendant has met its burden of establishing by a preponderance of the evidence that the jurisdictional amount alleged in the Petition exceeds $75,000 and as a result Scudder's removal was timely. Plaintiff's Motion to Remand (Doc. No. 12) is **DENIED**.

**IT IS SO ORDERED.**

Date: March 19, 2015

                                               */s/ Douglas Harpool*
                                               Douglas Harpool
                                               United States District Judge